

www.pbwt.com

May 31, 2024

Lisa E. Cleary
Partner
(212) 336-2159
(212) 336-2366 Direct Fax
lecleary@pbwt.com

**By ECF**

The Honorable John P. Cronan, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1320
New York, New York 10007

> **Re:**  *Gartenberg et al v. The Cooper Union for the Advancement of Science and Art*
> *1:24-cv-02669-JPC*

Dear Judge Cronan:

We represent The Cooper Union for the Advancement of Science and Art ("Cooper Union") in the above-referenced case.  Pursuant to Section 6.A. of Your Honor's Individual Rules and Practices in Civil Cases, we respectfully submit this pre-motion letter to notify the Court of the grounds for our anticipated motion to dismiss the Complaint in its entirety and to strike certain relief being sought, as well as to propose a briefing schedule.

Plaintiffs, students at Cooper Union, claim that Cooper Union intentionally discriminated against them by failing to respond adequately to antisemitism and anti-Zionism on campus, thereby depriving them of the benefits of their educational opportunities.  The focal point of the Complaint is a pro-Palestine protest that occurred at Cooper Union's campus on October 25, 2023 ("October 25 Protest").  Plaintiffs assert claims under (1) Title VI of the Civil Rights Act of 1964; (2) the New York State Human Rights Law; (3) the New York Civil Rights Law; (4) the New York City Human Rights Law; (5) Breach of Contract; (6) Common Law Negligence; (7) Premises Liability; and (8) Negligent Infliction of Emotional Distress ("NIED").  Plaintiffs seek injunctive reliefs; compensatory and punitive damages; and statutory penalties.

Cooper Union intends to move to dismiss each count of the Complaint because Plaintiffs fail to state a claim, and, if the Complaint is not dismissed in its entirety, to move that the Court strike as improper Plaintiffs' request for injunctive relief and punitive damages.

### A.      Plaintiffs Fail to State a Title VI Claim

In order to state a claim for "deliberate indifference" to intentional discrimination by third parties under Title VI, Plaintiffs have the burden to plead that: (1) Cooper Union had substantial control over the third-parties; (2) the harassment by third parties was "severe, pervasive, and objectively offensive" and discriminatory in effect; (3) Cooper Union had actual knowledge of discrimination; and (4) Cooper Union failed to respond, responded "after a lengthy and unjustified delay," or responded in a manner that "amount[ed] to deliberate indifference to

Hon. John P. Cronan, U.S.D.J.
May 31, 2024
Page 2

discrimination." *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 665–66 (2d Cir. 2012). Further, for Cooper Union's actions to constitute deliberate indifference, those actions must be "clearly unreasonable in light of known circumstances." *Id.* As courts in this district have recognized, Plaintiffs must meet a "high bar" to successfully state a claim under this theory of liability. *Tubbs v. Stony Brook Univ.*, 343 F. Supp. 3d 292, 309 (S.D.N.Y. 2018). Plaintiffs have not and cannot meet this bar. First, Plaintiffs have not pleaded that they experienced a "hostile environment" that was "permeated with discriminatory intimidation, ridicule, and insult," *Hayut v. State Univ. of New York*, 352 F.3d 733, 745 (2d Cir. 2003), because most of the alleged speech Plaintiffs characterize as having created a hostile environment was "pure political speech . . . which is entitled to special protection under the First Amendment," *Felber v. Yudof*, 851 F. Supp. 2d 1182, 1188 (N.D. Cal. 2011). Second, Plaintiffs have not and cannot meet their burden to plead that Cooper Union's actions were clearly unreasonable under the *Davis* standard. Indeed, as Plaintiffs concede, in many instances Cooper Union promptly took a series of concrete measures to address violations of campus policies.

**B.    Plaintiffs Fail to State a Claim Under the New York State Human Rights Law, the New York Civil Rights Law or the New York City Human Rights Law**

Plaintiffs fail to state a claim under the New York State and City Human Rights Laws and the New York Civil Rights Law because they fail to plead that Cooper Union's conduct "[wa]s caused at least in part by discriminatory or retaliatory motives." *Anderson v. City of New York*, 2024 WL 183103, at *12 (S.D.N.Y. Jan. 17, 2024). Nor have Plaintiffs shown that they suffered a hostile environment *because* of their protected characteristics. *See Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 451 (E.D.N.Y. 2013). Even under the "less regimented approach" adopted by the City Human Rights Law, Plaintiffs fail to provide "adequate evidence" that might support a conclusion that Cooper Union took adverse treatment against them *because* of their protected characteristics. *Kaye v. New York City Health & Hosps. Corp.*, 2023 WL 2745556, at *17 (S.D.N.Y. Mar. 31, 2023). As a result, Plaintiffs' claims under all these statutes fail.

**C.    Plaintiffs Fail to State a Claim for Breach of Contract**

Plaintiffs' breach of contract claim is based on Cooper Union's alleged failure to enforce various campus policies against pro-Palestinian protesters. But Plaintiffs do not identify any "specifically designated and discrete promises" by Cooper Union to Plaintiffs that are sufficient to establish the existence of a contract between the parties. *Ward v. New York Univ.*, 2000 WL 1448641, at *4 (S.D.N.Y. Sept. 28, 2000). Instead, Plaintiffs quote numerous "[g]eneral policy statements and broad and unspecified procedures and guidelines [that] will not suffice" to support a claim for breach of contract. *Flatscher v. Manhattan Sch. of Music*, 551 F. Supp. 3d 273, 281–82 (S.D.N.Y. 2021); *see also Cheves v. Trustees of Columbia Univ.*, 931 N.Y.S.2d 877 (2011) (holding that only specific, material promises in student handbooks can form the basis of a contract claim).

**D.    Plaintiffs Fail to State Common Law Tort Claims**

Plaintiffs common law tort claims should also be dismissed. "Under New York law, in order to recover in either negligence or strict liability, claimants must prove, *inter alia*, that their persons or property have been injured." *Benoit v. Saint-Gobain Performance Plastics*

Hon. John P. Cronan, U.S.D.J.
May 31, 2024
Page 3

*Corp.*, 959 F.3d 491, 498 (2d Cir. 2020).  This requirement for showing physical injury also applies to premises liability claims.  *See PB-36 Doe v. Niagara Falls City Sch. Dist.*, 152 N.Y.S.3d 242, 246 (N.Y. Sup. Ct. 2021), *aff'd*, 182 N.Y.S.3d 850 (2023).  Plaintiffs do not plead that they sustained any physical harm, as opposed to emotional harm, or loss of property during the October 25 Protest.  By Plaintiffs' own assertion, which must be taken as true despite evidence in the public record to the contrary, "[a]fter the demonstrators stormed the building, Cooper Union locked the doors to the library where the Plaintiffs were studying."  Compl. ¶ 210.  Thus, the negligence and premises liability claims should be dismissed.  Similarly, to state an NIED claim, a complaint must plead "(1) extreme and outrageous conduct, (2) a causal connection between the conduct and the injury, and (3) severe emotional distress."  *Truman v. Brown*, 434 F. Supp. 3d 100, 122 (S.D.N.Y. 2020).  Because the Complaint contains no allegation that Cooper Union's conduct was "extreme and outrageous," Plaintiffs cannot meet this "strict, rigorous and difficult to satisfy" standard.  *Ogbolu v. Trustees of Columbia Univ. in City of New York*, 2022 WL 280934, at *7 (S.D.N.Y. Jan. 31, 2022).  Moreover, Plaintiffs do not and cannot plead that Cooper Union breached any duty to them that unreasonably and objectively endangered Plaintiffs' physical safety considering the admissions mentioned above.  *See Carney v. Bos. Mkt.*, 2018 WL 6698444, at *3 (S.D.N.Y. Dec. 20, 2018).

### E.     Plaintiffs Are Not Entitled to Injunctive Relief or Punitive Damages

Plaintiffs seek sweeping injunctive remedies, including, *inter alia*, ordering Cooper Union to discipline faculty and staff; suspend, expel, or otherwise discipline students; and launch investigations into alleged antisemitic harassment on campus.  Plaintiffs are not entitled to these remedies.  *First*, as a matter of law, a plaintiff suing under the *Davis* "deliberate indifference" standard does not have a "right to make particular remedial demands."  *Davis*, 526 U.S. at 648.  *Second*, Plaintiffs have not shown any "cognizable danger of recurrent violation" that is a prerequisite for obtaining an injunction.  *Sec. & Exch. Comm'n v. Stubos*, 634 F. Supp. 3d 174, 192 (S.D.N.Y. 2022).  Similarly, Plaintiffs' request for punitive damages should be struck.  Punitive damages are not available in connection with Title VI, the New York State Human Rights Law, and the New York Civil Rights Law, *see, e.g., Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 101 (2d Cir. 2001); N.Y. Civ. Rights Law § 40-d.  And Plaintiffs fail to plead any of the aggravating factors necessary to seek punitive damages under the New York City Human Rights Law and New York common law*, see, e.g., Chauca v. Abraham,* 89 N.E.3d 475, 481 (2017); *Zicherman v. State Farm Fire & Cas. Co.*, 2023 WL 6675327, at *4–6 (E.D.N.Y. Oct. 12, 2023).

Cooper Union's counsel proposes the following schedule on its pre-motion request:  Motions to Dismiss / Strike to be filed four (4) weeks from the Court's order; Opposition to be filed four (4) weeks after the motion to dismiss is filed; and Reply to be filed two (2) weeks after the Opposition is filed.  Plaintiffs' counsel has proposed that the motion to dismiss be filed seven days from the issuance of an Order setting a schedule but agrees to the remainder of the schedule.

Respectfully submitted,
*/s/ Lisa E. Cleary*
Lisa E. Cleary

cc:     All counsel of record (*via* ECF)