**Arnold & Porter**

Aaron Stiefel
+1 212.836.8442 Direct
Aaron.Stiefel@arnoldporter.com

June 5, 2024

**VIA ECF**

The Honorable John P. Cronan, U.S.D.J.
United States District Court for the Southern
District of New York
500 Pearl Street, Room 1320
New York, New York 10007

    Re:    ***Gartenberg et al. v. Cooper Union for the Advancement of Science and Art, 1:24-cv-02669-JPC***

Dear Judge Cronan:

    We represent Plaintiffs in the above-referenced case. Pursuant to Section 6.A. of Your Honor's Individual Rules, we respectfully submit this letter in opposition to the May 31, 2024 pre-motion letter ("Letter" or "Ltr.") submitted by defendant, The Cooper Union for the Advancement of Science and Art ("Defendant" or "Cooper Union"). As set forth below, and as Plaintiffs will explain in more detail in opposition in the event the Court permits Defendant to file a motion to dismiss, Cooper Union's conclusory arguments are demonstrably incorrect. The Complaint, which details Cooper Union's acts and omissions in connection with recent antisemitic events on campus, more than satisfies the applicable pleading standards and alleges ample facts in support of each of its eight counts.

    **A.**    **The Complaint Sufficiently Pleads a Title VI Claim**

    The Complaint pleads facts in support of every element of a Title VI claim. *See, e.g.*, ECF No. 1 ("Compl.") ¶¶ 49-115, 156. Cooper Union asserts that: (i) "most of" Plaintiffs' allegations concern "pure political speech … entitled to special protection under the First Amendment"; and (ii) "Cooper Union's actions were [not] clearly unreasonable under the *Davis* standard," presumably referring to *Davis v. Monroe Cty. Sch. Bd.*, 526 U.S. 629, 633 (1999). Ltr. at 2. Neither of Cooper Union's arguments has merit.

    *First*, Cooper Union's argument regarding the First Amendment is wrong: Cooper Union is a private, not public or "state," school and thus is not bound by the First Amendment.[1] Even if the First Amendment were applicable here, the conduct at issue is not protected speech, "political" or otherwise, *see, e.g.*, Compl. ¶¶ 49-115, 156, and, in any event, the First Amendment in no way relieves Defendant from addressing its hostile

---

[1] *See, e.g.*, Off. for Civ. Rights, U.S. Dep't of Educ., Dear Colleague Letter (July 28, 2003), https://www2.ed.gov/about/offices/list/ocr/firstamend.html; *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982).

**Arnold & Porter**

June 5, 2024
Page 2

environment as required by Title VI.[2]  *Second*, Cooper Union's argument relies on an inapposite case from the Northern District of California and ignores relevant case law in which the Second Circuit and other courts have found actionable under Title VI the type of severe and pervasive harassment that Plaintiffs have had to endure as a result of Defendant's failures.  *See, e.g.*, *Barnett v. Johnson City Sch. Dist.*, 2005 WL 8178066 (N.D.N.Y. Feb. 2, 2005); *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655 (2d Cir. 2012); *TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577 (S.D.N.Y. 2011), *on reconsideration sub nom. DC v. Valley Cent. Sch. Dist.*, 2011 WL 3480389 (S.D.N.Y. June 29, 2011).  *Finally*, the Complaint is replete with allegations of unreasonable acts and omissions by Defendant in the face of notice of the discriminatory and harassing environment that Plaintiffs faced, and continue to face, on campus.  *See, e.g.*, Compl., ¶¶ 49-115, 156.  Only a gross misreading of the Complaint would permit the conclusion that Cooper Union "promptly" addressed the numerous violations on its campus (Ltr. at 2)—as the Complaint alleges precisely the opposite.

### B.  The Complaint Sufficiently Pleads Claims Under the New York State Human Rights Law, the New York Civil Rights Law and the New York City Human Rights Law

For at least the reasons discussed above, Plaintiffs have pleaded facts sufficient to state NYSHRL and NYCRL claims, which are evaluated under the same standard as analogous claims under federal discrimination laws.  *See, e.g.*, *Eccleston v. Pine Bush Cent. Sch. Dist.*, 2013 WL 12444443, at *13 (S.D.N.Y. Jan. 8, 2013).  Plaintiffs likewise have pleaded facts sufficient to state a NYCHRL claim, including facts sufficient to show that Plaintiffs and other Jewish students at Cooper Union have been treated "less well" because they are Jewish and identify with Israel.  *See, e.g.*, Compl., ¶¶ 49-115, 156, 162-193; *Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 155-56 (S.D.N.Y. 2022).  Cooper Union recites legal standards but fails to explain how the Complaint falls short of meeting them.  Nor can it, as Plaintiffs clearly have met the pleading standard for each claim.

### C.  The Complaint Sufficiently Pleads Claims for Breach of Contract

Plaintiffs have pleaded facts sufficient to support their breach of contract claims.  Cooper Union asserts that Plaintiffs have "not identif[ied] any 'specifically designated and discrete promises' by Cooper Union to Plaintiffs that are sufficient to establish the existence of a contract between the parties." Ltr. at 2.  That assertion is belied not only by applicable case law, *see, e.g.*, *Doe v. Sarah Lawrence*, 453 F. Supp. 3d 653, 668 (S.D.N.Y. 2020), but also by the Complaint's identification of six specific policies and numerous specific provisions and promises that Cooper Union breached—to the detriment of

---

[2] *See* Off. for Civ. Rights, U.S. Dep't of Educ., Dear Colleague Letter (May 7, 2024), https://www2.ed.gov/about/offices/list/ocr/letters/colleague-202405-shared-ancestry.pdf at 4-5.

# Arnold & Porter

June 5, 2024
Page 3

Plaintiffs, who have been forced to endure continuing antisemitism on campus. *See, e.g.*, Compl. ¶¶ 116-141, 199.

### D.  The Complaint Sufficiently Pleads Common Law Tort Claims

Plaintiffs have properly pleaded common law negligence, premises liability and negligent infliction of emotional distress claims. *See* Compl. ¶¶ 49-115; 207-231. Cooper Union concedes that the Complaint has sufficiently alleged duty, breach and causation, arguing only that there is no allegation of physical injury. Ltr. at 2-3. But Cooper Union's purported support does not stand for this proposition, nor is the proposition correct. *See, e.g.*, *Kennedy v. McKesson Co.*, 58 N.Y.2d 500 (1983). Cooper Union's assertions regarding Plaintiffs' NIED claim fail for similar reasons. Contrary to Defendant's assertion, Plaintiffs need not plead "extreme and outrageous" conduct to sustain a claim for NIED. *See, e.g.*, *Potrzeba v. Sherburne-Earlville High Sch. through Sherburne-Earlville Cent. Sch. Dist. Bd. of Educ.*, 2023 WL 8827178, at *13 (N.D.N.Y. Dec. 21, 2023).

### E.  Plaintiffs' Requested Relief is Proper

The relief that Plaintiffs seek, including injunctive relief and punitive damages, is not only permissible but appropriate. Plaintiffs' prayer is to obtain relief that is "necessary and appropriate" to prevent Cooper Union from continuing to harass and discriminate against Plaintiffs and other Jewish students. Compl. p. 67. Plaintiffs' allegations support this requested relief as well as punitive damages for several of their claims. *See id.* ¶¶ 49-115; *see also e.g.*, *Infantolino v. Joint Indus. Bd. of Elec. Indus.*, 582 F. Supp. 2d 351, 363 (E.D.N.Y. 2008) (holding that a reasonable factfinder could award punitive damages for NYCHRL claim should it find that defendant acted with willful disregard for another's rights).

### F.  Proposed Briefing Schedule

As the antisemitism that Plaintiffs face at Cooper Union worsens, the school has chosen to meet the Complaint with foot-dragging. The motion that Cooper Union proposes to bring will do nothing but delay the resolution of Plaintiffs' claims. And notwithstanding that Plaintiffs already agreed to a thirty-day extension of time to answer the Complaint or move, Cooper Union has rejected Plaintiffs' offer of a further one-week extension after the Court's order on the Letter. Instead, without offering any justification, Cooper Union requests another four-week extension to respond to the Complaint. If the Court allows Cooper Union to file its motion, Plaintiffs respectfully request that the Court require Cooper Union to respond to the Complaint without any further delay.

# Arnold & Porter

June 5, 2024
Page 4

                                                  Respectfully,

                                                  Aaron Stiefel

Copies to: All counsel of record via ECF

The Court adopts Defendants' proposed motion and briefing schedule. Defendants' motion to dismiss and strike certain relief, and accompanying briefing, is due on or before July 3, 2024. Plaintiffs' opposition is due on or before July 31, 2024, and Defendants' reply, if any, is due on or before August 14, 2024.

SO ORDERED.
Date: June 6, 2024
New York, New York

                                                JOHN P. CRONAN
                                            United States District Judge