# Arnold & Porter

**Aaron Stiefel**
+1 212.836.8442 Direct
Aaron.Stiefel@arnoldporter.com

March 27, 2025

**VIA ECF**

The Honorable John P. Cronan, U.S.D.J.
United States District Court for the Southern
District of New York
500 Pearl Street, Room 1320
New York, New York 10007

    Re:  *Gartenberg et al v. The Cooper Union for the Advancement of Science and Art*, 1:24-cv-02669-JPC

Dear Judge Cronan:

    Counsel for Rebecca Gartenberg, Perie Hoffman, Jacob Khalili, Gabriel Kret, Taylor Roslyn Lent, Benjamin Meiner, Michelle Meiner, Meghan Notkin, Gila Rosenzweig, and Anna Weisman (collectively, "Plaintiffs") submit this joint letter on behalf of Plaintiffs and on behalf of The Cooper Union for the Advancement of Science and Art ("Cooper Union," "the College," or "Defendant" and, together with Plaintiffs, the "Parties"), pursuant to Your Honor's February 27, 2025 Order, in advance of the Initial Pretrial Conference set for April 3, 2025, at 11:00 a.m. Per the Court's Individual Rules and Practices in Civil Cases, Rule 5.B, attached hereto as **Exhibit A** is the Parties' proposed Civil Case Management Plan and Scheduling Order.

**1.**    **A brief statement of the nature of the action and principal defenses thereto:**

    **A.**    **Plaintiffs' statement:** Plaintiffs assert claims against Cooper Union under Title VI of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York Civil Rights Law, the New York City Human Rights Law, and for breach of contract based on Cooper Union's failure to protect Plaintiffs' right to pursue their education free from threats of violence, discrimination, and harassment based on their status as Jews who identify with Israel as their national and ancestral homeland. The unaddressed escalation of antisemitic harassment on Cooper Union's campus has resulted in, among other things, Plaintiffs being locked in the campus library on October 25, 2023, while an unruly mob of students sought to enter and banged on the windows, and continued their calls for the

**Arnold & Porter**

The Honorable John P. Cronan, U.S.D.J.
March 27, 2025
Page 2

destruction of Israel and violence against Jews worldwide. Since October 25, 2023, Cooper Union has allowed harassment against Plaintiffs to go unabated.

      **B.**      **Defendant's statement:** Following the Court's decision granting in part Defendant's motion to dismiss, the limited remaining causes of action at issue in this suit involve select claims under Title VI of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York Civil Rights Law, the New York City Human Rights Law, and breach of contract alleging that Plaintiffs were specifically targeted with discriminatory intent for their protected characteristics.

      Cooper Union disputes the majority of allegations in the Complaint and asserts that the College, consistent with campus policies: (i) removed all unauthorized posters and markings within a reasonable time; (ii) disciplined demonstrators for their actions on October 25, 2023; (iii) took reasonable security measures, in close collaboration with the NYPD, for the October 25, 2023 demonstration; and (iv) created and continues to foster a welcoming campus atmosphere for all students, including Plaintiffs, consistent with its federal, state, and city law obligations. Cooper Union further asserts that Plaintiffs cannot establish that Cooper Union acted with "deliberate indifference" regarding the vandalism of select posters, because Plaintiffs never brought those allegations to Cooper Union's attention.

**2.**      <u>**A brief explanation of why jurisdiction and venue lie in this Court:**</u>

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because claims pursuant to Title VI of the Civil Rights Act of 1964 arise under the laws of the United States. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 to hear the related state and local law claims because those claims arise out of the same case or controversy as the federal claims.

The Court has personal jurisdiction over Defendant at least because Defendant is a private college located in New York, New York, and is incorporated under the laws of the State of New York.

Venue is proper under 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiffs' claims occurred in this judicial district.

**3.**      <u>**A brief description of all outstanding motions and/or all outstanding requests to file motions:**</u>

There are no outstanding motions or requests to file motions.

**Arnold & Porter**

The Honorable John P. Cronan, U.S.D.J.
March 27, 2025
Page 3

4. **A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations:**

No discovery is necessary for the Parties to engage in meaningful settlement negotiations.

5. **A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any:**

To date, the parties have not engaged in substantive settlement discussions. The parties have, however, agreed to mediation before Magistrate Judge Stein and ask that the Court refer the case to Magistrate Judge Stein for that purpose.

6. **The estimated length of trial:**

The Parties currently estimate that trial will take two (2) weeks in view of the number of expected witnesses given the number of Plaintiffs (ten) and various Cooper Union administrators and staff at issue.

7. **Any other information that the parties believe may assist this Court in resolving the action:**

None.

Respectfully,

*/s/ Aaron Stiefel*
Aaron Stiefel

Copies to:  All counsel of record (via ECF)
Enclosure:  **Exhibit A** (Parties' proposed Civil Case Management Plan and Scheduling Order)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
:
Gartenberg et al.,
:
: 24 CV 2669 (JPC)
Plaintiff(s), :
-v- : CIVIL CASE
: MANAGEMENT PLAN
The Cooper Union for the Advancement of Science and Art, : AND SCHEDULING
Defendant(s). : ORDER
:
:
:
------------------------------------------------------------------------ X

      This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure.

1. All parties [**consent** ☐ /**do not consent** ✓] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.

2. Settlement discussions [**have** ☐ /**have not** ✓] taken place.

3. The parties [**have** ✓ /**have not** ☐] conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

4. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or to join additional parties shall be filed by May 30, 2025. [*Absent exceptional circumstances, a date not more than 30 days following the date of this Order.*]

5. Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than April 17, 2025 days from the date of this Order. [*Absent exceptional circumstances, fourteen (14) days*.]

6. Fact Discovery

    a. All fact discovery shall be completed no later than October 1, 2025. [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances*.]

    b. Initial requests for production of documents shall be served by May 2, 2025.

    c. Interrogatories shall be served by August 1, 2025.

      d.    Depositions shall be completed by  October 1, 2025  .

          (i)    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

          (ii)   There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

          (iii)  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

      e.    Requests to admit shall be served by  August 1, 2025  .

      f.    Any of the deadlines in paragraphs 6(b) through 6(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 6(a).

7.    Expert Discovery

      a.    All expert discovery, including expert depositions, shall be completed no later than  January 30, 2026  . [*Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 6(a) (i.e., the completion of all fact discovery)*.]

      b.    Plaintiff's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before  October 31, 2025  .

      c.    Defendant's expert disclosures pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure shall be made on or before  December 15, 2025  .

      d.    The interim deadlines in paragraphs 7(b) and 7(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Rules and Practices in Civil Cases.

9.    Any discovery disputes shall be addressed according to 5.C of the Court's Individual Rules and Practices in Civil Cases.

10.   All discovery must be completed by  January 30, 2026  . [*This date should be the later of the dates in 6(a) and 7(a) above.*]

11.   All counsel must meet in person to discuss settlement within fourteen (14) days following the close of fact discovery. If the parties believe that a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program would assist in these discussions, the parties should file a letter with the Court to that effect.

12. Unless otherwise ordered by the Court, within thirty (30) days after the close of discovery or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit a proposed Joint Pretrial Order prepared in accordance with Rule 26(a)(3) of the Federal Rules of Civil Procedure and 7.B of the Court's Individual Rules and Practices in Civil Cases. The parties shall follow the Court's Individuals Rules and Practices in Civil Cases for any submissions that must be made at the time of the Joint Pretrial Order, including any motions *in limine*.

13. In accordance with 7.C of the Court's Individual Rules and Practices in Civil Cases, counsel are required to meet and confer on a joint submission of proposed *voir dire* questions, jury instructions, and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Rule 51(a)(2)(A) of the Federal Rules of Civil Procedure. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted on the Joint Pretrial Order due date in accordance with 7.D of the Court's Individual Rules and Practices in Civil Cases.

14. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order.

15. This case [**is** ☑ /**is not** ☐] to be tried to a jury.

16. Counsel for the parties have conferred and their best estimate of the length of trial is approximately two weeks.

17. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Rule 26(f)(3) of the Federal Rules of Civil Procedure, are set forth below.
    The parties agree that the number of fact depositions that may be taken without leave of Court should be increased to 15 per side.

18. Next Steps: [*To be completed by the Court*.]

    ☐ The next Case Management Conference is scheduled for _____ at _____.

    ☐ The parties shall submit a joint status letter to the Court no later than _____, advising the Court as to whether the parties request a referral to the assigned Magistrate Judge for a settlement conference or to the Court-annexed mediation program, whether any party plans to file a post-discovery motion, the anticipated grounds for any such motion, and the opposing party's anticipated grounds for opposing the motion. In the event any party plans to file a post-discovery motion, the joint status letter will satisfy the Court's pre-motion letter requirement.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 6(f) and 7(d)) shall be made in a written application in accordance with Court's Individual Rules and Practices in Civil Cases and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
JOHN P. CRONAN
United States District Judge

Dated: _____
New York, New York