UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA GARTENBERG, PERIE HOFFMAN, JACOB KHALILI, GABRIEL KRET, TAYLOR ROSLYN LENT, BENJAMIN MEINER, MICHELLE MEINER, MEGHAN NOTKIN, GILA ROSENZWEIG, and ANNA WEISMAN,<br><br>Plaintiffs,<br><br>v.<br><br>THE COOPER UNION FOR THE ADVANCEMENT OF SCIENCE AND ART,<br><br>Defendant. | Case No. 24-cv-2669<br><br>Hon. John P. Cronan, U.S.D.J. |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' <u>MOTION FOR LEAVE TO AMEND THEIR COMPLAINT</u>**

Aaron Stiefel
Debra E. Schreck
Melissa E. Romanovich
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street New York, NY 10019-9710
T: 212.836.8000
F: 212.836.8689
aaron.stiefel@arnoldporter.com
debra.schreck@arnoldporter.com

Baruch Weiss
Bridgette C. Gershoni
Michael J. Gershoni
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
P: 202.942.5000
F: 202.942.5999
baruch.weiss@arnoldporter.com

Ziporah Reich
**THE LAWFARE PROJECT**
633 Third Avenue, 21st Floor
New York, NY 10017
T: 212.339.6995
ziporah@thelawfareproject.org

*Attorneys for Plaintiffs*

Plaintiffs Rebecca Gartenberg, Perie Hoffman, Jacob Khalili, Gabriel Kret, Taylor Roslyn Lent, Benjamin Meiner, Michelle Meiner, Meghan Notkin, Gila Rosenzweig, and Anna Weisman (collectively, "Plaintiffs") submit this reply memorandum of law in further support of their motion, pursuant to Fed. R. Civ. P. 15 and Local Civil Rule 7.1, for leave to file an amended complaint ("Amended Complaint") and in response to the brief in opposition of defendant the Cooper Union for the Advancement of Science and Art ("Cooper Union" or "Defendant").

## ARGUMENT

### I. THE STANDARD APPLICABLE TO PLAINTIFFS' MOTION

Plaintiffs seek to update their Complaint to describe instances of antisemitic harassment that Cooper Union has allowed to occur on campus since this case began more than a year ago, that have contributed to the hostile educational environment that Plaintiffs continue to experience on campus. As Defendant acknowledges, under either Fed. R. Civ. P. 15(a) or 15(d), the standard for evaluating Plaintiffs' motion for leave to amend is the same: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Federal Nat'l Mortg. Ass'n v. 1488 Bushwick, LLC*, 2025 WL 745989, at *2 (E.D.N.Y. March 7, 2025); *Witkowich v. Gonzales*, 541 F. Supp. 2d 572, 590 (S.D.N.Y. 2008) ("'Rule 15(d) reflects 'a liberal policy favoring a merit-based resolution of the entire controversy between the parties.'").

In opposing Plaintiffs' motion, Defendant "'has the burden of establishing that leave to amend would be prejudicial or futile.'" *Federal Nat'l Mortg. Ass'n,* 2025 WL 745989 at *2. As shown below, Defendant has failed to make the necessary showing.

1

## II. FURTHER ANTISEMITIC HARASSMENT ON THE COOPER UNION CAMPUS HAS INTENSIFIED THE HOSTILE ENVIRONMENT THAT PLAINTIFFS HAVE EXPERIENCED

As set forth in this Court's decision on Defendant's motion to dismiss, Plaintiffs assert in this case "claims for deliberate indifference to a hostile educational environment under Title VI of the Civil Rights Act of 1964." (ECF 39 at 11). The proposed Amended Complaint describes additional instances of antisemitic harassment that have aggravated the hostile educational environment that Plaintiffs are experiencing.

The Amended Complaint recounts, for example, that on April 21, 2024, a number of Cooper Union students, faculty and staff gathered outside of an event being held on campus for newly admitted students and their families, and shouted anti-Zionist, antisemitic slogans such as: "We don't want no Zionists here." (Amended Complaint ¶ 116). Clearly, that ugly chant was not, in this Court's words, "communicated in a manner reasonably calculated to contribute to an ongoing public debate of considerable political significance." (ECF 39 at 34). Rather, as alleged in Plaintiffs' proposed pleading, the goal was "intimidating existing Jewish and Zionist students, as well as intimidating and discouraging prospective Jewish and Zionist students from enrolling at the School." (Amended Complaint ¶ 116). Furthermore, Plaintiffs' subsequent requests that Cooper Union address the harassment went unheeded. (*Id.* at ¶ 119). Although the antisemitic slogans may not have been directed at Plaintiffs personally, Plaintiffs were nonetheless aware of and were impacted by the discriminatory rhetoric and by Cooper Union's unwillingness to respond.

As further alleged in their Amended Complaint, Plaintiffs likewise were impacted by a "disturbing incident of antisemitic harassment" of one of their friends, a fellow Jewish student at Cooper Union – described in the proposed amended pleading as "Student A" – who "was

2

publicly shamed and excluded from full participation in an academic program simply because of his Jewish identity." (Amended Complaint ¶ 121). As pleaded, a Cooper Union professor colluded with Student A's classmates such that when Student A attempted to make a presentation as part of an architecture class, all of Student A's classmates walked out. (*Id.* at ¶ 122). Adding insult to injury, Cooper Union purported to remedy the situation by allowing Student A to continue taking the class while sitting "alone in a separate room, in isolation." (*Id.* at ¶ 123). Thus, conduct aimed at a Jewish friend of Plaintiffs, and not appropriately addressed by Cooper Union, reinforced the hostile campus environment experienced by Plaintiffs.

Accordingly, the events surrounding both Admitted Students Day and the harassment of Student A are relevant to Plaintiffs' Title VI claims and are properly included in their Amended Complaint. *See Howard v. Cook Cty. Sheriff's Office*, 989 F.3d 587, 601-02 (7th Cir. 2021) (stating in the Title VII context: "We have held that harassing comments directed at others, while they 'carry less weight' than remarks directed at the plaintiff, may still be relevant to a hostile work environment claim.")[1]; *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 687 (9th Cir. 2017) ("hostility need not be directly targeted at the plaintiff to be relevant to his or her hostile work environment claim"); *Donaldson v. CDB, Inc.*, 335 Fed. Appx. 494, 502 (5th Cir. 2009) ("Our court has long held that harassment does not have to be directed toward the plaintiff to be considered for a hostile-work-environment claim."); *Leibovitz v. New York City Transit Auth.*, 252 F.3d 179, 190 (2d Cir. 2001) ("[W]e recognize that evidence of harassment directed at other

---

[1] "Because Titles VI, VII, and IX have similar structures and goals, Courts addressing claims made under one Title often look to similar claims made under the other Titles for guidance." *Wang v. Bethlehem Cent. Sch. Dist.*, 2022 WL 3154142 (N.D.N.Y. Aug. 8, 2022); *see also Zadoorian v. Gwinnett Tech. Coll.*, 2024 WL 1554362, at *1 (11th Cir. April 10, 2024) ("standards that govern claims under Title VII are instructive in Title VI cases").

co-workers can be relevant to an employee's own claim of hostile work environment discrimination."); *A.S. v. City Sch. Dist. of Albany*, 585 F. Supp. 3d 246, 275 (N.D.N.Y. 2022) ("The District also was aware of harassing conduct MS had directed at other students, which can form part of the overall hostile environment."). As the court stated in *Deemar v Board of Educ. of the City of Evanston/Skokie*, 2024 WL 3757169, *11 (N.D. Ill. Aug. 9, 2024):

> Whereas Deemar lacked standing to pursue her discrimination claim because she was not personally subject to racial staff affinity groups, not treated differently from others in terms of her exposure to the school's race-conscious lesson plans for students and teachers, and otherwise not denied any tangible benefits or targeted for negative treatment on account of her race, each of those things can contribute to an overall racially hostile environment that injures her in a cognizable way. That is the sort of indirect injury that Congress has authorized the federal courts to adjudicate. She argues that it has affected her personally and directly. She seeks monetary damages as a form of remedy. Therefore, the Court has subject matter jurisdiction over Deemar's Title VI hostile educational environment claim.

The Office of Civil Rights of the U.S. Department of Education has made much the same point:

> Harassing conduct need not always be targeted at a particular person in order to create a hostile environment for a student or group of students, or for other protected individuals. The conduct may be directed at anyone, and the harassment may also be based on association with others of a different race (the harassment might be referencing the race of a sibling or parent, for example, that is different from the race of the person being harassed whose access to the school's program is limited or denied).[2]

Defendant's standing argument mistakenly assumes that Plaintiffs are attempting to assert claims on behalf of third parties. (Opp. Br. at 4). Defendant relies on: *Picket Fence Preview, Inc. v. Zillow, Inc.*, 2021 WL 3680717, *5 (D. Vt. Aug. 19, 2019), where the court ruled that "all claims

---

[2] Letter from Asst. Sec'y for Civil Rights, U.S. Department of Education, at 4-5 (May, 7, 2024), *available at*: https://www.ed.gov/sites/ed/files/about/offices/list/ocr/letters/colleague-202405-shared-ancestry.pdf.

that purport to be brought *on behalf of* FSBO sellers are dismissed" (emphasis added); *S.B. v. Bureau of Special Educ. Appeals,* 2024 WL 1333578 (D. Mass. Mar. 28, 2024), where the court held that a parent could not bring a claim "on behalf of" an autistic child who had allegedly been excluded from school; and *Stone v. Austin*, 2021 WL 4443733 (E.D.N.Y. Sept. 28, 2021), where civilians sought to block a mandate that U.S. Troops receive COVID vaccinations. By contrast, here, Plaintiffs are only asserting claims based on the harm that they personally have suffered as a result of the hostile environment at Cooper Union. Plaintiffs are not pursuing claims on behalf, or seeking to vindicate the rights, of non-parties. Rather, Plaintiffs are documenting a hostile antisemitic campus climate that has directly and personally affected them.

The cases that Defendant cites are also inapposite to the extent that the courts rejected amendments intended, unlike the amendment offered here, to add new causes of action or cure deficient causes of action. *See*, *e.g.*, *Zembiec v. City of Monroe*, 468 Fed. Appx. 39, 41 (2d Cir. 2012) ("Zembiec's proposed amended complaint . . . failed to state a claim upon which relief can be granted."); *Ortiz v. Westchester Med. Ctr. Health Care Corp.*, 2016 WL 6901314 at *9 (S.D.N.Y. Nov. 18, 2016) (plaintiff sought to amend to cure a lack of standing to seek injunctive relief).

### III.  PLAINTIFFS ARE NOT ALLEGING CLAIMS BASED ON PROTECTED SPEECH

Contrary to Defendant's assertion, the new hostile environment allegations in Plaintiffs' proposed Amended Complaint are not complaining about protected speech.

As mentioned above, the unaddressed antisemitic Admitted Students Day chants were antisemitic and discriminatory, not protected contributions to the public discourse. Nor were students engaging in protected speech when, with the approval of the professor, they all walked out of class and deprived Student A of the opportunity, enjoyed by the other class members, to

5

present a project to fellow architecture students. Plainly, this was not expressive conduct adding to the public debate; it was targeted harassment and exclusion of Student A based on his Jewish identity. And Cooper Union's segregation of Student A thereafter was not speech of any kind.

The "walkout" cases cited by Cooper Union are thus readily distinguishable. In *Potrzeba v. Sherburne Hills High School*, 2023 WL 8827178 (N.D.N.Y. Dec. 21, 2023), students walked out of class to protest mistreatment by the principal, and in *M.C. ex rel. Chudley v. Shawnee Mission Unified School Dist. No. 512*, 363 F. Supp. 3d 1182, 1185 (D. Kan. 2019), students walked out to protest gun violence. In both cases, the conduct was expressive—not, as here, harassing.

Moreover, Plaintiffs are not claiming that they were harmed by the online posts of Athena Abadilla, Cooper Union's Director of Residential Life and Community, in support of the Hamas terrorists who tortured and murdered men, women and children on October 7, 2023. Rather, Plaintiffs assert that by employing someone who expressed such "overt antisemitism" as the "administrator responsible for overseeing students' residential experience and hosting social and cultural programs intended to help students build community and transition to life in New York," Cooper Union "deepened the sense of betrayal and fear experienced by Jewish students on campus." (Amended Complaint ¶ 125). Plaintiffs fault Cooper Union for failing to condemn Ms. Abadilla's "grotesque endorsement of antisemitic violence" and for not "offering Jewish students an alternate administrator to turn to when faced with sensitive issues surrounding housing." (*Id.* at ¶ 127). Instead, Cooper Union commended Ms. Abadilla "as an integral member of the Student Affairs team." (*Id.*)

Plaintiffs also are not basing their claims on the messages communicated through Students for Justice in Palestine's ("SJP") "flyer bombing" of Interim President Malcolm King's

6

office.  (*Id*. ¶ 134).  Plaintiffs allege that the display was "disruptive and confrontational to Jewish students" and part of "an organized campaign to intimidate" them.  (*Id.* at ¶¶ 134-35).  Plaintiffs further allege, on information and belief, that Cooper Union has disciplined no one for this violation of Cooper Union's Student Code of Conduct and Cooper Union's Guidelines for Protests and Demonstrations.  (*Id*. at ¶ 136).  As Plaintiffs state in their proposed pleading:

> By failing to act, Cooper Union signaled that the rules designed to ensure a neutral and respectful campus environment will not be applied or enforced when the targets of the misconduct are Jewish.  This institutional indifference further contributed to the hostile environment Jewish students faced and undermined their right to equal treatment under Title VI.

(*Id*.)

Finally, Plaintiffs are not asserting a claim predicated on the antisemitic views expressed by members of SJP at a Black and Jewish allyship event organized by a Jewish Cooper Union professor.  Plaintiffs' objection is to the fact that antisemitic protesters were able to disrupt the event without intervention by Defendant.  (Amended Complaint ¶¶ 127-134).  Further, to Plaintiffs' knowledge, Cooper Union has not disciplined a single student for violating its Student Code of Conduct and Guidelines for Protests and Demonstrations, thus "deepening the exclusion that Jewish students experience[] on campus."  (*Id*. at ¶ 132).

Accordingly, the allegations that Plaintiffs seek to add via Amended Complaint are consistent with the Court's decision on Defendant's motion to dismiss.

## **CONCLUSION**

For the reasons detailed above and in Plaintiffs' opening brief, the Court should grant Plaintiffs' motion for leave to file their Amended Complaint.

Dated: New York, New York
     June 27, 2025                                          Respectfully submitted,

By: /s/ Aaron Stiefel

Aaron Stiefel
Debra E. Schreck
Melissa E. Romanovich
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street New York, NY 10019-9710
T: 212.836.8000
aaron.stiefel@arnoldporter.com
debra.schreck@arnoldporter.com

Baruch Weiss
Bridgette C. Gershoni
Michael J. Gershoni
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave, NW
Washington, DC 20001-3743
P: 202.942.5000
baruch.weiss@arnoldporter.com

Ziporah Reich
**THE LAWFARE PROJECT**
633 Third Avenue, 21st Floor
New York, NY 10017
T: 212.339.6995
ziporah@thelawfareproject.org

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

This document complies with the word limit for reply briefs set forth in Local Civil Rule 7.1. Excluding the caption and signature block, this brief consists of 2,169 words.

Dated: June 27, 2025                                   /s/ *Aaron Stiefel*

                                                                 Aaron Stiefel

## **CERTFICATE OF SERVICE**

      I, Aaron Stiefel, hereby certify that a copy of the foregoing REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND THEIR COMPLAINT, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 27, 2025.

DATED:  June 27, 2025

                                                */s/ Aaron Stiefel*

                                                Aaron Stiefel